**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **MICHELLE B.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 1:25-cv-00954** |
| | : | **Judge Michael R. Barrett** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

Plaintiff Michelle B. brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI"). This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors. (ECF No. 9.) The Undersigned **RECOMMENDS** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's decision.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for SSI on November 15, 2022, alleging disability as of April 1, 2019, due to anxiety, depression, and learning disabilities. (ECF No. 7, PAGEID ##: 281–94; 329.)[1] Plaintiff's application was denied initially on March 3, 2023, and upon reconsideration on

[1] Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that Plaintiff files an SSI application. Thus, the relevant period of consideration in this case begins on May 5, 2022. *See* 20 C.F.R. § 416.335; *Koster v. Comm'r of Soc. Sec.*, 643 Fed. App'x 466, 478 (6th Cir. 2016) ("For purposes of SSI, which is not retroactive, the relevant period here is . . . the date [Plaintiff] filed his protective application.").

September 14, 2023. (*Id.* at PAGEID ##: 100–07, 108–17.) Thereafter, Plaintiff appeared telephonically, with counsel, before an administrative law judge ("ALJ") on February 10, 2025. (*Id.* at PAGEID ##: 57–76.) On March 12, 2025, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at PAGEID ##: 37–56.)

The ALJ applied the five-step sequential process to evaluate her SSI application.[2] (ECF No. 7, PAGEID ##: 41−43.)

- Step One: The ALJ found that Plaintiff had not engaged in substantial gainful activity since November 15, 2022, the application date. (*Id.* at PAGEID #: 43.)
- Step Two: The ALJ found that Plaintiff had the following severe impairments: neurofibromatosis, hearing loss, anemia, borderline intellectual functioning, anxiety disorder, and major depressive disorder. (*Id.*)
- Step Three: The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

Before proceeding to Step Four, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009).

> [Plaintiff] has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except she can avoid normal workplace hazards (but should have no exposure to hazards such as unprotected heights and dangerous moving machinery) and must avoid concentrated exposure to noise with no exposure to noise at more than a moderate level (as defined in the Selected Characteristics of Occupations). [Plaintiff] can perform simple, routine tasks and make simple work-related decisions in a setting that does not require strict production quotas or a sustained fast pace; is limited to low stress jobs (defined as jobs with only occasional decision making required and only occasional changes in the work setting or duties); and can have occasional interaction with the general public, coworkers, and supervisors with no joint tasks and no over the shoulder supervision.

(*Id.* at PAGEID #: 45.)

- Step Four: The ALJ determined that Plaintiff had no past relevant work. (*Id.* at PAGEID #: 48.)
- Step Five: The ALJ concluded that—when considering her age, education, work experience, RFC, and in reliance on the Vocational Expert's testimony—there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as a store laborer, laundry worker, and floor waxer. (*Id.* at PAGEID ##: 49–50.)

The ALJ therefore concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since November 15, 2022. (*Id.* at PAGEID #: 50.) The Appeals Council denied Plaintiff's request for review on October 23, 2025. (*Id.* at PAGEID ##: 24–29.) This appeal followed.

## II. RELEVANT RECORD EVIDENCE

The Undersigned has reviewed the portions of the administrative record relevant to the claimed errors raised by Plaintiff. Rather than summarizing that information here, the Undersigned will refer and cite to it as necessary in the discussion of the parties' arguments below.

## III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices the claimant on the merits or deprives the claimant of a substantial

right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV. ANALYSIS

Plaintiff contends that the ALJ failed to properly evaluate the supportability and consistency factors when discussing the medical opinion of Nurse Practitioner Patricia Sparks, APRN. (ECF No. 9, PAGEID ##: 689–92.) The Commissioner counters that the ALJ followed the regulatory standard and assessed both supportability and consistency. (ECF No. 10, PAGEID ##: 696–99.)

An ALJ's RFC determination must be "based on all of the relevant medical and other evidence" in a claimant's case record. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). The governing regulations describe five categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)–(5); 416.913(a)(1)–(5). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a); 416.920c(a). Instead, an ALJ must use the following factors when considering those categories of evidence: (1) Supportability; (2) Consistency; (3) Relationship with the Claimant; (4) Specialization; and (5) Other Factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5). Although there are five factors, supportability and

consistency are the most important, and the ALJ must explain how they were considered. *Id.* And even though an ALJ may discuss how they evaluated the other factors, they are not generally required to do so. *Id.*

When evaluating supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support the medical opinion, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 416.920c(c)(1). When evaluating consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 404.1520c(c)(2).

Finally, "[a]lthough the ALJ is not required to use the 'magic words' of 'supportability' and 'consistency' when describing their reasoning, the ALJ must still provide sufficient reasoning, scaffolded with references in the medical record to support their decision"—"enough for a subsequent reviewer to trace the lines of their reasoning." *Mertle v. Comm'r of Soc. Sec.*, No. 3:24-CV-00832-JJH, 2024 WL 5160189 (N.D. Ohio Dec. 19, 2024).

At base, an ALJ must "provide a coherent explanation of his reasoning." *Lester v. Saul*, No. 5:20-CV-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted*, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021). In other words, "it is the obligation of the ALJ 'in the first instance to show his or her work, *i.e.*, to explain in detail *how the factors actually were applied* in each case, to each medical source.'" *Scott K. v. Comm'r of Soc. Sec.*, No. 3:21-cv-129, 2022 WL 4484603, at *4 (S.D. Ohio Sept. 27, 2022) (citing *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 909 (E.D. Mich. 2021)).

Here, Plaintiff challenges the ALJ's weighing of Ms. Sparks' opinion under both the supportability and consistency factors.

The ALJ addressed Ms. Sparks' opinion as follows:

> The opinion of Patricia Sparks, APRN is not persuasive. (Ex. B12F). Ms. Sparks opines that the claimant has extreme mental limitations, no useful ability to function while performing even unskilled or semi-skilled work, will be absent more than four days per month, and is completely unable to function independently outside the home. (Ex. B12F). This opinion is not supported by any noted examination performed by Ms. Sparks. It is also not consistent with the overall record, which reflects that the claimant continues to demonstrate normal memory, attention, and thought content. (Ex. B5F, Page 38: Ex.

(ECF No. 7, PAGEID #: 48.)

Upon review, the Undersigned finds that Plaintiff's arguments are not well-taken.

First, Plaintiff contends that the ALJ's "terse" evaluation of Ms. Sparks' opinion was generally insufficient. (ECF No. 9, at PAGEID ##: 690–91.) But there is no required length or level of specificity for an ALJ's analysis of the supportability or consistency factors.[3] *See, e.g.*, *Timothy B. v. Comm'r of Soc. Sec.*, No. 2:22-cv-3834, 2023 WL 3764304, at *7 (S.D. Ohio June 1, 2023) (explaining that the regulations do not require an ALJ's "explanations to contain a specific level of detail, but instead contemplate that the appropriate level of articulation will necessarily depend on the unique circumstances of each claim" (internal quotations omitted)); *see also Justin R. v. Comm'r of Soc. Sec. Admin.*, No. 1:24-CV-00317, 2025 WL 2462736, at *5 (S.D. Ohio Aug. 27, 2025), *report and recommendation adopted*, No. 1:24-CV-317, 2025 WL 2725928 (S.D. Ohio

---

[3] Plaintiff does not make any other specific challenge or argument with respect to the consistency factor, and thus, any further challenge to the ALJ's analysis of the consistency factor is deemed waived. *See e.g. Julie W. v. Comm'r of Soc. Sec.*, No. 1:21-CV-185, 2022 WL 3334244, at *6 (S.D. Ohio Aug. 12, 2022), *report and recommendation adopted*, 2022 WL 16533871 (S.D. Ohio Oct. 28, 2022*)* (finding a plaintiff waived her argument when she failed to legally or factually develop it in her statement of errors).

Sept. 25, 2025) (same). Instead, the Undersigned will evaluate whether the ALJ's analysis was sufficient in context and in light of the opinion as a whole.

Second, as to supportability, Plaintiff takes issue with the fact that the ALJ "broadly declared," without more explanation, that Ms. Sparks' opinion was "not supported by any noted examination performed by Ms. Sparks." (ECF No. 9, at PAGEID #: 691.) But the Court finds that the ALJ's rejection of Ms. Sparks' opinion as unsupported by her own notes is sufficient when reading his opinion as a whole. Indeed, the ALJ had previously discussed Ms. Sparks' notes when evaluating Plaintiff's mental health severity at Step Two. For example, the ALJ noted that "during examination [Plaintiff] demonstrate[d] normal memory" and "a normal fund of knowledge." (ECF No. 7, at PAGEID #: 44.) Moreover, while acknowledging some reports of "a depressed mood and affect" or self-reported difficulties with concentration and task completion, the ALJ noted that Plaintiff "more frequently present[ed] with a normal mood and affect," demonstrated normal attention, concentration, and thought processes, and presented as alert and oriented during examinations, with normal insight, judgment, and thought content, citing in part Ms. Sparks' treatment notes for this analysis. (*Id.* (citing to, in relevant part, ECF No. 7, at PAGEID #: 442; 564; 640).)

The ALJ is not required to re-articulate prior information or analysis. *See Ruth T. v. Comm'r of Soc. Sec.*, No. CV 2:25-CV-00723, 2026 WL 962109, at *7 (S.D. Ohio Apr. 9, 2026*)* (finding that despite its brevity, the ALJ conducted a sufficient supportability and consistency analysis when it compared the medical opinion's limitations by reference to prior evidentiary discussions earlier in the opinion). Thus, the Undersigned finds that the ALJ did

sufficiently analyze the supportability of Ms. Sparks' opinion because he had previously opined on the relatively normal, objective findings in Ms. Sparks' treatment notes.

Moreover, though Plaintiff would have preferred more analysis on the supportability of Ms. Sparks' opinion, "a reviewing court must uphold an agency's decision even if it is of 'less than ideal clarity,' so long as the reasoning is reasonably discernible." *Kayla Ann H. v. Comm'r of Soc. Sec.*, No. 2:23-CV-2944, 2024 WL 3647758, at *4 (S.D. Ohio Aug. 5, 2024) (quoting *Garland v. Ming Dai*, 593 U.S. 357, 369 (2021)). Here, because the ALJ's reasoning for rejecting Ms. Sparks' opinion is reasonably discernable, the Undersigned finds no error.

Plaintiff also contends that the ALJ erred because Ms. Sparks' opinions were supported by her treatment notes and the Mental Residual Functional Capacity Questionnaire and Listing Assessment ("Assessment") that Ms. Sparks completed. (ECF No. 9, at PAGEID #: 691.) Specifically, Plaintiff contends that Ms. Sparks' notes reflect that Plaintiff was dealing with depression and anxiety, and, although Plaintiff concedes that "Sparks' notes were not set up to dictate the exact severity of her findings," Plaintiff contends that her Assessment was "a bastion of support," with numerous explanations for the check-box limitations. (*Id.* at PAGEID #: 691.)

The Undersigned finds that Plaintiff overstates the support for Ms. Sparks' opinion in her Assessment. Here, Plaintiff focuses on the drowsiness and fatigue associated with her medications, the check-boxed symptoms, and narrative for the limitations in which Ms. Sparks opined that Plaintiff "isolates herself and communicates very little" and that it was "[d]ifficult for her to express herself." (*Id.* (citing ECF No. 7, at PAGEID ##: 665–66).) But Plaintiff fails to note that Ms. Sparks does not provide "medical or clinical findings to support the limitations," as

the Assessment's instructions require. (ECF No. 7, at PAGEID #: 663.) Plaintiff further fails to note that Ms. Sparks' Assessment for Plaintiff's "treatment and response" was described only as "Medical Management, some improvements"; that Plaintiff's prognosis was listed as "fair"; and that Ms. Sparks' only noted clinical findings were that Plaintiff "suffers from symptoms related to Depression." (ECF No. 7, at PAGEID #: 663.)

Contrary to Plaintiff's argument, the ALJ's treatment of Ms. Sparks' findings was appropriate under the circumstances. For example, diagnosis does not equate to severity or required limitations. *See e.g., Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 713 (6th Cir. 2013) ("[M]ere diagnosis . . . says nothing about the severity of the condition." (quoting *Higgs v. Sec'y*, 880 F.2d 860, 863 (6th Cir. 1988)). Likewise, a medical opinion's check-boxed limitations lack support if there are not corresponding clinical findings. *See Terry A. C. v. Comm'r of Soc. Sec.*, No. 2:21-CV-5535, 2022 WL 2586479, at *5 (S.D. Ohio July 8, 2022) (finding that a nurse's checkbox opinions lacked supportability where her explanations referred generally to physical and mental impairments without identifying objective findings substantiating the assessed limitations). Further, as noted previously, the ALJ noted that Ms. Sparks' notes reflected normal mental health findings, and the Sixth Circuit has found that extreme limitations not supported by office treatment notes are appropriately rejected. *See Adams v. Comm'r of Soc. Sec.*, No. 23-3284, 2023 WL 6366106, at *3 (6th Cir. Sept. 28, 2023) (finding that the ALJ properly discredited a medical opinion and certain limitations that were not supported by treatment notes). Accordingly, and in light of the ALJ's prior analysis on Ms. Sparks' treatment notes at Step Two, the Undersigned

finds no error with the ALJ's rejection of Ms. Sparks' "extreme mental limitations" as "not supported by any noted examination."

The fact that Plaintiff can point to examples of fluctuating or more severe symptoms in Ms. Sparks' notes does not alter this conclusion. The ALJ acknowledged that some notes reflected more severe mental health symptoms, but that they "more frequently" were normal. (*See* ECF No. 7, at PAGEID ##: 44, 47.) Regardless, even if there is record evidence to support Plaintiff's position, as long as there is also substantial record evidence to support the ALJ's opinion, as is the case here, the Undersigned must recommend affirming. *See Napier v. Comm'r of Soc. Sec.*, 127 F.4th 1000, 1007 (6th Cir. 2025) ("[A]s long as the ALJ's findings were, as here, supported by substantial evidence, we may not second-guess them, even if substantial evidence would support the opposite conclusion." (citation omitted)); *Nash v. Comm'r of Soc. Sec.*, No. 19-6321, 2020 U.S. App. LEXIS 25360, 2020 WL 6882255, at *4 (6th Cir. Aug. 10, 2020) ("Even if the record could support an opposite conclusion, we defer to the ALJ's finding because it is supported by substantial evidence, based on the record as a whole." (internal citations omitted)). In this case, the Undersigned finds that the ALJ's decision was supported by substantial record evidence such that the presence of other records reflecting more severe symptoms does not amount to error.

Finally, Plaintiff takes issue with a scrivener's error in which the ALJ failed to finish a citation to record evidence. But the ALJ did cite to at least one specific record citation and, as discussed previously, referenced and considered Ms. Sparks' opinion throughout the analysis. Thus, the Court finds that the ALJ's failure to finish the citation does not warrant remand.

## V. CONCLUSION

In sum, from a review of the record as a whole, the Undersigned concludes that substantial evidence supports the ALJ's decision denying benefits. Based on the foregoing, it is therefore **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED,** and that the Commissioner's decision be **AFFIRMED.**

## VI. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d

981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

*<u>/s/ S. Courter M. Shimeall</u>*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**